1  David N. Lake, Esq., State Bar No. 180775
   **LAW OFFICES OF DAVID N. LAKE,**
2    **A Professional Corporation**
   16130 Ventura Boulevard, Suite 650
3  Encino, California 91436
   Telephone: (818) 788-5100
4  Facsimile: (818) 788-5199
   david@lakelawpc.com
5

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | ERIC MARKOWITZ, FRANK                    | **CASE NO.:  C10-CV-00430 JF**
   | BLUMENTHAL, LAUREN REESE
12 | and BILLY STERN, on behalf of
   | themselves and all others similarly
13 | situated,

14          Plaintiffs,

15       v.

16 | FACEBOOK, INC., a Delaware
   | corporation,
17

18          Defendant.

19 | DONALD SILVERSTRI, DAWN                  | **CASE NO.:  C10-CV-00429 JF**
   | KEER, KIMBERLY MANCELLA,
20 | JILL SILVERMAN STRELZIN, and
   | CHRISTOPHER LEMOLE, on behalf            | **ADMINISTRATIVE MOTION TO**
21 | of themselves and all others similarly   | **CONSIDER WHETHER CASES**
   | situated,                                | **SHOULD BE RELATED;**
22                                           | **DECLARATION OF DAVID N.**
            Plaintiffs,                      | **LAKE**
23
         v.
24
25 | FACEBOOK, INC., a Delaware              | **[LOCAL RULES 3-12 & 7-11]**
   | corporation,
26          Defendant.

27

28

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 3-12, Plaintiffs in the above-captioned matters believe that these actions may be related to the following case pending in the United States District Court, Northern District of California before the Honorable James Ware:  Lane, et al. v. Facebook, et al., Case No. C08-CV-3845.

Civil Local Rule 3-12 provides the applicable standard: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both criteria are met here.

The above-captioned cases are related to Lane because they involve substantially the same parties and concern common legal issues of privacy created by the common defendant, Facebook, Inc. *See* Civ. L.R. 3-12(a)(1). The Lane matter involves discrete privacy issues from an earlier time.  The instant cases are about privacy issues as well, but the issues raised therein are more recent.  If the cases are conducted before different judges, there will likely be a burdensome duplication of labor and expense that could be avoided. *See* Civ. L.R. 3-12(a)(2).  Also, counsel for Facebook in both actions is the same.  This motion is made for the convenience of the Court and does not affect the parties to the Lane matter because that case is in settlement mode.  Declaration of David N. Lake, ¶ 2.

Counsel for the parties in the above-captioned cases have conferred, and the parties are in agreement that the Markowitz action should be consolidated with the Silverstri action for all purposes because the cases involve similar complaints and common questions of law or fact, and because consolidation would advance the interests of judicial economy.  To this end, the parties, through their respective counsel, have signed and submitted a stipulation and proposed order requesting

1  consolidation of the above-captioned actions pursuant to Federal Rule of Civil

2  Procedure 42(a).

3        The above-captioned cases and the <u>Lane</u> case satisfy the criteria of Local

4  Civil Rule 3-12.  Therefore, plaintiffs in the above-captioned cases respectfully

5  request that these cases be deemed related to the <u>Lane</u> case (not consolidated

6  therewith) and assigned to the Honorable James Ware.

7

8  DATED: February 5, 2010                    LAW OFFICES OF DAVID N. LAKE

9

10                                    By:  _____/s/_____
                                          DAVID N. LAKE
11                                        Attorneys for Plaintiffs

12  **Of Counsel**: [Case No. C10-CV-00430 JF]

13  Roy L. Jacobs                          Laurence Paskowitz
14  **ROY JACOBS & ASSOCIATES**            **PASKOWITZ & ASSOCIATES**
    60 East 42nd Street 46th Floor         60 East 42nd Street 46th Floor
15  New York, NY 10165                     New York, NY 10165
16  212-867-1156                           212-685-0969
    212-504-8343 (Fax)                     212-685-2306 (Fax)
17  Rjacobs@jacobsclasslaw.com             Classattorney@aol.com

18
    **Of Counsel**: [Case No. C10-CV-00429 JF]
19

20  Brian M. Felgoise, Esq.
    **FELGOISE LAW FIRM**
21  261 Old York Rd. Suite 423
22  Jenkintown, PA 19001-2616
    215-985-0500
23  215-985-0850 (Fax)
24  Felgoiselaw@verizon.net

25

26

27

28

Administrative Motion Re Related Cases

**DECLARATION OF DAVID N. LAKE**

I, David N. Lake, declare as follows:

1.      I am an attorney license to practice law in the State of California, and am admitted to practice before the United States District Court, Southern District of California.  My application for admittance to the Northern District is pending.  I am a partner in the Law Offices of David N. Lake, A Professional Corporation, counsel to plaintiffs in the above-captioned actions.  I submit this declaration in support of the administrative motion to consider it cases should be related.  I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto.

2.      This motion is made for the convenience of the Court and does not affect the parties to the <u>Lane</u> matter because I am informed that case is in settlement mode.  This is why a stipulation was not obtained from the counsel or parties in Lane.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2010, at Encino, California.


_____/s/_____

David N. Lake

Administrative Motion Re Related Cases

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 16130 Ventura Boulevard, Suite 650, Encino, CA 91436. On February 5, 2010, I served the within document(s) described as: **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF DAVID N. LAKE** on the interested parties in this action as stated on the attached mailing list:

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

[ ]   (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

Alan Himmelfarb, Esq.
KamberEdelson, LLC
2757 Leonis Blvd
Vernon, CA 90058-2304
(Counsel for Plaintiffs in Lane v. Facebook, Case
No. C08-CV-03845 RS)

[ ]   (BY PERSONAL DELIVERY) By providing a true and correct copy of the foregoing document(s) in a sealed envelope to each of the addressees listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 5, 2008, at Encino, California.

| David N. Lake | /s/ |
|---|---|
| (Type or print name) | (Signature) |

Administrative Motion Re Related Cases