| | |
|---|---|
| 1 | COOLEY GODWARD KRONISH LLP |
| 2 | MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)<br>MATTHEW D. BROWN (196972) (brownmd@cooley.com) |
| 3 | 101 California Street, 5th Floor<br>San Francisco, CA  94111-5800 |
| 4 | Telephone:    (415) 693-2000<br>Fax:                (415) 693-2222 |
| 5 | Attorneys for Defendant |
| 6 | FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD SILVERSTRI, DAWN KEER, KIMBERLY MANCELLA, JILL SILVERMAN STRELZIN, and CHRISTOPHER LEMOLE, on behalf of themselves and others similarly situated,<br><br>                Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC.,<br><br>                Defendant. | Case No.  C10-cv-00429 (JF) |
| ERIC MARKOWITZ, FRANK BLUEMENTHAL, LAUREN REESE, and BILLY STERN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC.,<br><br>                Defendant. | Case No.  C10-cv-00430 (JF)<br><br>**DEFENDANT FACEBOOK'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162727/SF

**DEF.'S OPP. TO PLAINTIFFS' ADMIN. MOTION
C10-CV-00429 (JF); C10-CV-00430 (JF)**

## I. INTRODUCTION

Defendant Facebook, Inc. opposes the administrative motion filed by Plaintiffs in the above-captioned cases (*Donald Silverstri, et al. v. Facebook, Inc.*, No. C10-cv-00429 (JF), and *Eric Markowitz, et al. v. Facebook, Inc.*, No. C10-cv-00430 (JF)) ("Plaintiffs") to relate those cases to the case captioned *Sean Lane, et al. v. Facebook, Inc., et al.*, No. C08-cv-3845. Under the criteria set forth in Civil Local Rule 3-12, the *Silverstri* and *Markowitz* cases are not related to the *Lane* case. The cases involve different issues and arise from wholly distinct events separated by two years. *Lane* arises from certain interactions between Facebook, the popular social networking website, and third-party websites that participated in Facebook's Beacon program. The key events in *Lane* took place between November 2007 and December 2007, which was also the putative class period. In contrast, the *Silverstri* and *Markowitz* complaints concern specific changes to users' privacy settings made on November 19, 2009 and December 9, 2009, two years later. Indeed, Plaintiffs appear to recognize this when they concede that "[t]he Lane matter involves discrete privacy issues from an earlier time." (Motion 2.) In addition to a lack of factual commonality, there is only limited overlap in the legal theories alleged in the cases. Because of the substantial differences between the two actions, the criteria of Civil Local Rule 3-12 are not met, and coordination of Plaintiffs' newly filed cases with *Lane* is unwarranted. Moreover, the *Lane* case may soon be resolved, with the motion for final approval of the proposed class action settlement scheduled to be heard before Judge Seeborg on February 26, 2010. (Note that although Plaintiffs' motion states that *Lane* is pending before District Judge James Ware, the case actually is assigned to District Judge Richard Seeborg, with discovery matters referred to Magistrate Judge Patricia Trumbull.)

## II. BACKGROUND

The *Lane* complaint was filed on August 12, 2008 against Facebook and several other defendants—Blockbuster, Inc., Fandango, Inc., Hotwire, Inc., STA Travel, Inc., Overstock.com, Inc., Zappos.com, Inc., Gamefly, Inc., and John Does 1-40 (who are referred to as the "Facebook Beacon Activated Affiliates" or "FBAAs"). In *Lane*, the plaintiffs alleged that Facebook and the FBAAs engaged in a program to solicit, advertise, and market business transactions to Facebook

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162727/SF                          1.                    **DEF.'S OPP. TO PLAINTIFFS' ADMIN. MOTION**
                                                               **C10-CV-00429 (JF) ; C10-CV-00430 (JF)**

users and the users' friends without sufficient consent. According to the *Lane* complaint, under agreements between Facebook and the FBAAs, when a user accessed one or more of the FBAAs' websites and a certain type of triggering event occurred (for example, making a travel reservation or online purchase), the website relayed information about the user's activity to Facebook. In certain circumstances, the user's activity was shared with the Facebook user's network of friends on the Facebook website. The *Lane* plaintiffs alleged that by doing so, Facebook and the FBAAs violated their rights. The key events in *Lane* took place between November 2007 and December 2007, the putative class period. The *Lane* complaint alleged that the actions of the defendants under the Beacon program gave rise to claims under the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the Video Privacy Protection Act, the California Consumer Legal Remedies Act, the California Computer Crime Law, civil conspiracy, and unjust enrichment. The *Lane* case has resulted in a proposed class action settlement, final approval of which will be sought at a hearing before Judge Seeborg on February 26, 2010. (http://www.cand.uscourts.gov/CAND/Calendar.nsf/572d47d88520f842882566a2007f2b59/cd0a5c0f181b8b5988256a01005e0eeb?OpenDocument.)

In contrast, the *Silverstri* and *Markowitz* complaints were filed against Facebook on January 29, 2010, and arise from events in late 2009 that have no relationship to the Beacon program. These complaints assert that two changes made by Facebook to its privacy settings system decreased user privacy and resulted in wider access to personal information that users had included in their profiles and had previously been accessible to a more limited number of other Facebook users. The *Silverstri* and *Markowitz* complaints allege that Facebook's privacy announcement accompanying these changes was misleading and confusing. Plaintiffs' complaints do not allege two of the legal theories alleged in *Lane*—namely, the Computer Fraud and Abuse Act and the Video Privacy Protection Act—and, moreover, allege four causes of action which are not in the *Lane* complaint: violation of the statutory right of publicity, violation of California Business and Professions Code section 17200, the common law tort of appropriation, and injunctive relief.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162727/SF

2.

DEF.'S OPP. TO PLAINTIFFS' ADMIN. MOTION
C10-CV-00429 (JF) ; C10-CV-00430 (JF)

Although the parties agree that *Silverstri* and *Markowitz* are related to each other and should be consolidated, Facebook does not agree that *Silverstri* and *Markowitz* are related to *Lane*.

### III. ARGUMENT: PLAINTIFFS' ADMINISTRATIVE MOTION SHOULD BE DENIED BECAUSE *SILVERSTRI* AND *MARKOWITZ* ARE NOT RELATED TO *LANE*.

This Court should deny Plaintiffs' administrative motion because the recently filed *Silverstri* and *Markowitz* cases are not related to *Lane*. Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Under these criteria, Plaintiffs' cases are not related to *Lane* and should not be transferred.

#### A. Plaintiffs' Cases do not Substantially Concern the Same Parties, Property, Transaction, or Event as *Lane*.

Plaintiffs' cases and *Lane* do not concern the same transaction or event as required by Rule 3-12(a)(1). The facts upon which Plaintiffs base their claims bear no relationship to the facts upon which the *Lane* complaint is based. *Lane* arises from aspects of the Facebook Beacon program and, specifically, events which occurred over two years ago. *See supra* part II. Plaintiffs' claims in *Silverstri* and *Markowitz* are not connected to the Beacon program, and instead arise from unrelated changes that Facebook made to its privacy settings in late 2009. *See id.* Although Plaintiffs make the generalized contention that that their cases relate to *Lane* because they "concern common legal issues of privacy" (Motion 2), Plaintiffs fail to point to any substantially similar transaction or event. In fact, Plaintiffs undermine their conclusion by conceding that "[t]he Lane matter involves discrete privacy issues from an earlier time." (*Id.*)

Further, the *Silverstri* and *Markowitz* cases do not substantially concern the same parties as *Lane*. Facebook is the only party common to the three cases. While Facebook is the sole defendant in Plaintiffs' cases, *Lane* names several additional parties as defendants, none of whom are named or mentioned in the *Silverstri* or *Markowitz* complaints.

**B.   Keeping Plaintiffs' Cases Before This Court Will Not Cause Unduly Burdensome Duplication of Labor and Expense or Conflicting Results.**

Plaintiffs suggest that there might be duplication of labor and expense if this Court were to relate their cases to *Lane*. But in addition to an absence of common transactions, events, and parties, there is only minimal overlap of the legal theories alleged in the cases. *See supra* part II. Thus, keeping the case before this Court would not cause an unduly burdensome duplication of labor and expense. For the same reasons, there is no risk of conflicting results. Moreover, the *Lane* case is at a more advanced stage and may soon be resolved. The motion for final approval of the proposed class action settlement is scheduled to be heard before Judge Seeborg on February 26, 2010.

**IV.   CONCLUSION**

*Silverstri* and *Markowitz* are not related to *Lane* under the criteria of Civil Local Rule 3-12, and therefore Plaintiffs' administrative motion should be denied.

Dated: February 9, 2010

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
MATTHEW D. BROWN (196972)

/s/ *Matthew D. Brown*
Matthew D. Brown
Attorneys for Defendant FACEBOOK, INC.

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. On the date set forth below I served the documents described below in the manner described below:

DEFENDANT FACEBOOK'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; [PROPOSED] ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| | |
|---|---|
| **Michael James Aschenbrener**<br>Edelson McGuire, LLC<br>350 N. LaSalle Street, Suite 1300<br>Chicago, IL 60654<br>312-589-6379<br>312-589-6378 (fax)<br>maschenbrener@edelson.com | **Michael Graham Rhodes**<br>**Michael Lambert**<br>**Emily Fawne Burns**<br>**Maria Ostrovsky**<br>Cooley Godward LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155<br>650-843-5000<br>650-857-0663 (fax)<br>mrhodes@cooley.com<br>mlambert@cooley.com<br>burnsef@cooley.com<br>mostrovsky@cooley.com |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162953 v1/SF       1.       PROOF OF SERVICE: DEFENDANT FACEBOOK'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

| | |
|---|---|
| **Mark Andrew Chavez**<br>Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, CA 93941<br>415-381-5599<br>415-381-5572 (fax)<br>mark@chavezgertler.com | **Thomas Mathew Corea**<br>**Jeremy Reade Wilson**<br>Corea Firm<br>1201 Elm Street<br>Suite 4150<br>Dallas, TX 75270<br>214-953-3900<br>tcorea@corealaw.com<br>jwilson@corealaw.com |
| **John William Davis**<br>Law Office of John W. Davis<br>4445 Eastgate Mall<br>Second Floor<br>San Diego, CA 92121<br>858-812-2976<br>858-658-0072 (fax)<br>john@johnwdavis.com | **Marc A. Fuller**<br>**Frank C. Brame**<br>**Michael L Raiff**<br>Vinson & Elkins L.L.P.<br>2001 Ross Ave.<br>Suite 3700<br>Dallas, TX 75201<br>214-220-7881<br>214-999-7881 (fax)<br>mfuller@velaw.com |
| **Shawn Hanson**<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>415 626 3939<br>415 875 5700 (fax)<br>shanson@jonesday.com | **David Christopher Parisi**<br>**Suzanne L. Havens Beckman**<br>Parisi & Havens, LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, CA 91403<br>818-990-1299<br>818-501-7852 (fax)<br>dparisi@parisihavens.com<br>shavens@parisihavens.com |
| **Alan Himmelfarb**<br>Edelson McGuire LLC<br>2757 Leonis Blvd<br>Vernon, CA 90058<br>323- 585-8696<br>323-585-8696 (fax)<br>Consumerlaw1@earthlink.net | **Scott A Kamber**<br>**David A. Stampley**<br>KamberLaw, LLC<br>11 Broadway<br>22nd Floor<br>New York, NY 10004<br>646-964-9600<br>212-920-3081 (fax)<br>skamber@kamberlaw.com<br>dstampley@kamberlaw.com |
| **Joseph H Malley**<br>Law Office of Joseph H. Malley, PC<br>1045 North Zang Boulevard<br>Dallas, TX 75208<br>214-943-6100<br>malleylaw@gmail.com | **Thomas J. Moses**<br>Brydon Hugo & Parker<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105<br>(415) 808-0300<br>(415) 808-0333 (fax)<br>tmoses@bhplaw.com |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162953 v1/SF

2.

**PROOF OF SERVICE: DEFENDANT FACEBOOK'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

1
2 **George A. Otstott, Jr.**
Ericksen, Arbuthnot, et al.
3 111 Sutter Street
Suite 575
4 San Francisco, CA 94104
415-362-7126
5 415-362-6401 (fax)
gotstott@eakdl.com

6 Executed on February 9, 2010, at San Francisco, California.

7

        _/s/_Linda A. Nafey_
8         Linda A. Nafey

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1162953 v1/SF

3.

**PROOF OF SERVICE: DEFENDANT FACEBOOK'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**